IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TAMMY BARR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-cv-00544-SRB |
| ) | |
| AHTNA ENGINEERING SERVICES, LLC, ) | |
| d/b/a ADVANCIA + AHTNA ) | |
| JOINT VENTURE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff Tammy Barr's ("Plaintiff") Motion for Partial Summary Judgment. (Doc. #71.) For the reasons set forth below, the motion is DENIED.

### I. FACTUAL BACKGROUND[1]

This case involves a claim of age discrimination in violation of the Missouri Human Rights Act ("MHRA"). Plaintiff worked at the National Records Center ("NRC") in Independence, Missouri as an Assistant Supervisor. Defendant Advancia Technologies, LLC ("Advancia") and Ahtna Engineering Services, LLC ("Ahtna") formed a joint venture and held the contract at the NRC for a five-year term starting in 2017. At the end of that contract, the NRC went through a reduction in force. Plaintiff applied to be an Assistant Supervisor under the new contract but was not selected. On March 29, 2023, Plaintiff's employment was terminated. After her termination, Plaintiff did not submit any applications to other employers and applied for Social Security benefits in the Spring of 2023. Plaintiff is retired.

---

[1] The following background is largely taken from the fact section in Advancia's pending motion for summary judgment (Doc. #75) because the parties did not supply any general background in their briefings for this motion. The Court deems this background to be uncontroverted and helpful to contextualize Plaintiff's motion.

On November 21, 2025, Plaintiff filed this pending motion for summary judgment arguing that she is entitled to summary judgment on Advancia's affirmative defense of failure to mitigate. Advancia disagrees. The parties' arguments are addressed below.

## II. LEGAL STANDARD

Under Rule 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of identifying "the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (cleaned up). If the moving party makes this showing, "the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Id*. (quotation marks omitted). If there is a genuine dispute as to certain facts, those facts "must be viewed in the light most favorable to the nonmoving party." *Id*. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id*. (quotation marks omitted).

## III. DISCUSSION

Plaintiff argues that she is entitled to partial summary judgment on the issue of Advancia's affirmative defense of failure to mitigate. Specifically, Plaintiff argues that Advancia "offers no evidence that Plaintiff could have secured similar employment[.]" (Doc. #71, p. 4.) Advancia argues that "[b]ecause Plaintiff has voluntarily left the job market, she did not fulfill her duty of mitigation and her damages for back and front pay should be denied as a matter of law." (Doc. #78, p. 5.)

"There is no debate that the failure to mitigate damages is an affirmative defense." *Templeton v. Cambiano*, 558 S.W.3d 101, 104 (Mo. Ct. App. 2018). "[D]efendant has the burden of proving that [a] plaintiff's recovery should be reduced for failing to mitigate." *Stewart*

2

*v. Bd. of Ed. of Ritenour Consol. Sch. Dist.*, R-3, 630 S.W.2d 130, 134 (Mo. Ct. App. 1982). Generally, "[i]t is not enough for the employer to prove that the plaintiff made no effort to get other employment, but he must go further and prove that such employment could have been secured." *Id*. While a defendant need not prove "conclusively" that plaintiff "would have obtained a comparable job," it does "have to show that it was reasonably likely[.]" *Id*. at 135.

While Plaintiff argues that Advancia has produced no evidence that Plaintiff could have secured similar employment, neither party points the Court to any Missouri case law on the issue of mitigation of damages when plaintiff voluntarily retires after an alleged discriminatory termination. Advancia points the Court to cases in other jurisdictions that have found "a defendant may succeed on a mitigation affirmative defense by showing the plaintiff withdrew entirely from the workforce." *Ngai v. Urb. Outfitters, Inc.*, No. CV 19-1480, 2021 WL 1175155, at *20 (E.D. Pa. Mar. 29, 2021).

Ultimately, as mitigation of damages is not a complete bar to recovery but rather affects the measure of damages that is recoverable, the Court finds that ruling on this issue at this stage is premature. *See Stewart*, 630 S.W.2d at 133. This decision is reinforced by the absence of clear Missouri precedent governing mitigation where a plaintiff voluntarily retires following an allegedly discriminatory termination. Depending on the facts adduced at trial and the outcome, the parties may raise any issues regarding the mitigation of damages in appropriate post-trial motions.

### IV. CONCLUSION

Accordingly, Plaintiff's Motion for Partial Summary Judgment (Doc. #71) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2025